# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SHALER EAGLE,**

    **Petitioner,**

**v.**                                                                         **Civil Action No. 2:08cv80**
                                                                               **(Judge Maxwell)**

**WILLIAM FOX, Warden,**

    **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

On July 28, 2008, the Court received a document from the petitioner titled "Nature of Petition. Notice of Intent to Appeal." In that document, the petitioner, an inmate at the St. Marys Correctional Center, in St. Marys, West Virginia, sought to challenge a unnamed state court conviction. Because of the nature of the petitioner's claims, the document was construed as a habeas corpus petition under 28 U.S.C. § 2254, and docketed accordingly. The $5.00 filing fee was paid on August 4, 2008. However, because the petition did not contain sufficient information about the petitioner's state court conviction, and was not clear as the petitioner's actual claims, on August 5, 2008, the Court directed the petitioner to file an amended petition on the standard § 2254 form used by this Court. The petitioner filed an amended petition on August 14, 2008.

Upon a review of the amended petition, it is now clear that this case should be transferred to the United States District Court for the Southern District of West Virginia because the petitioner's sentence of conviction was imposed in the Circuit Court of Mingo County, West Virginia. 28 U.S.C. § 2241(d) ("Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial

districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him . . ."); 28 U.S.C. 1404(a) ("[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). Because all of the pertinent records are located in the Southern District of West Virginia, venue is clearly more convenient in that district. Accordingly, it is recommended that this case be **TRANSFERRED** to the Southern District of West Virginia for all further proceedings and that the case be terminated from this Court's active docket upon transfer.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested.

DATED: August 15, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE